UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON THORNTON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondents. | Case No.: 1:13-cv-00140-JLT<br><br>FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION AS DUPLICATIVE<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN CASE TO A DISTRICT JUDGE<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner, who is apparently awaiting the resolution of criminal proceedings in state court, filed the instant petition on January 30, 2013, challenging material errors in a report on Petitioner's criminal record used by the Fresno County Superior Court.  (Doc. 1).  As will be discussed below, the petition is essentially duplicative of the petition filed by Petitioner in case no. 1:13-cv-00019-AWI-JLT on January 4, 2013, and which, pursuant to Findings and Recommendations issued on January 23, 2013, the Magistrate Judge has recommended should be dismissed for lack of exhaustion and lack of habeas corpus jurisdiction.  Accordingly, the Court will recommend that this petition be dismissed as duplicative.

///

///

1

# DISCUSSION

A. Procedural Grounds for Summary Dismissal.

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B. The Petition is a Duplication of the Petition in Case No. 1:13-cv-00019-AWI-JLT

In the petition filed in case no. 1:13-cv-00019-AWI-JLT ("the earlier case"), Petitioner complains that he is presently in the custody of the Fresno County Jail awaiting trial for his October 8, 2012 arrest for carrying a concealed dirk or dagger and disobeying a court order. As Petitioner's first amended petition in the earlier case alleges, the latter charge apparently relates to Petitioner's alleged violation of a court restraining order issued against him and restricting him from contacting one Michelle Lee Robinson. In the earlier case, Petitioner contends that law enforcement employees produced a criminal history for Petitioner that contains material misrepresentations, i.e., that Petitioner was convicted of more than one prior "strike" on the same date.

In the instant petition, Petitioner also alleges that he is in the custody of the Fresno County Jail awaiting trial for the same charges based on the same arrest. He also contends that the law enforcement employees erred in presenting his criminal history by alleging one crime as two separate strikes. Based on that circumstance, Petitioner contends that no probable cause existed for his arrest. (Doc. 1, p. 6).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain

two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 487 F.3d at 688 (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

In assessing whether a second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. Adams, 487 F.3d at 689. First, the court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion. Id. Second, the court determines whether the defendants are the same or in privity. Privity includes an array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005). "The necessary elements of virtual representation are an identity of interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996). "Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering." Adams, 487 F.3d at 691 (quoting Kourtis, 419 F.3d at 996).

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. Adams, 487 F.3d at 693. The court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." Adams, 487 F.3d at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir.1969) (per curiam)).

Based on the foregoing discussion, the instant petition meets the requirements set forth in Adams for a duplicative petition. In the Court's view, although Petitioner uses slightly different facts and language to state his claims, the two petitions appear to raise the same issues and are premised upon the same set of operative facts. [1] Petitioner will not be permitted to litigate his case piecemeal

---

[1] The Court also notes that Petitioner has at least two other habeas corpus petitions currently pending within this Court before other Magistrate Judges and that he has filed no less than thirteen other habeas petitions in this Court since 2006. He is no stranger to the federal courts nor to habeas corpus proceedings. The Court further notes that the instant petition contains the same deficiencies noted in the earlier case, i.e., lack of exhaustion, failure to name a proper respondent, and failure to state a claim upon which habeas corpus relief can be granted, all of which were bases for the Magistrate Judge's recommendation to dismiss the earlier case. Apparently, Petitioner believes that when he receives an order from this Court dismissing a petition as fatally defective, his remedy is simply to file a new petition containing the same claims and the

nor to circumvent the deficiencies identified by the Court in the earlier case by filing serial successive petitions containing the same claims and the same defects.

Accordingly, the Court recommends that the instant petition be dismissed as duplicative of the petition filed in case no. 1:13-cv-00019-AWI-JLT.

**ORDER**

For the foregoing reasons, the Clerk of the Court is DIRECTED to assign this case to a United States District Judge.

**RECOMMENDATION**

The Court hereby RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as duplicative of the petition filed in case no. 1:13-cv-00019-AWI-JLT.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 7, 2013**           **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

---

same defects.  Petitioner would be better served taking heed of the Court's suggestions in the earlier case regarding how to proceed, e.g., with full exhaustion of claims in state court, stating a proper habeas claim, and naming a proper respondent, than by up taking the Court's limited time by filing repeated defective and meritless petitions.